UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT S. CARLBORG,<br><br>                              Plaintiff,<br><br>v.<br><br>DEPARTMENT OF THE NAVY and DEPARTMENT OF DEFENSE,<br><br>                             Defendants. | Case No.: 3:23-cv-02073-RBM-AHG<br><br>**ORDER:**<br><br>**(1) GRANTING IN PART JOINT MOTION FOR EXTENSION, and**<br><br>**(2) ISSUING FIRST AMENDED SCHEDULING ORDER**<br><br>**[ECF No. 20]** |

      Before the Court is the parties' joint motion to continue the summary judgment briefing schedule. ECF No. 20. The parties seek an order from the Court extending the summary judgment filing deadlines by approximately five months. *Id*.

      Parties seeking to continue deadlines in the scheduling order must demonstrate good cause. FED. R. CIV. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent"); *see also* ECF No. 19 at 2 (Scheduling Order, stating that "[t]he dates [] set forth herein will not be modified except for good cause shown").

Courts have broad discretion in determining whether there is good cause. *See, e.g.*, *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992); *Liguori v. Hansen*, No. 2:11cv492-GMN-CWH, 2012 WL 760747, at *12 (D. Nev. Mar. 6, 2012). The good cause standard focuses on the diligence of the party seeking to amend the scheduling order and the reasons for seeking modification. *Johnson*, 975 F.2d at 609 ("[T]he focus of the inquiry is upon the moving party's reasons for seeking modification. . . . If that party was not diligent, the inquiry should end.") (internal citation omitted).

Here, the parties represent to the Court that Defendant "determined that some of the releases to Plaintiff were likely overredacted, and that information that is not subject to FOIA's exemptions was withheld." ECF No. 20 at 2; ECF No. 20-1 at 2–3. Thus, Defendants' counsel "recommended that the releases to Plaintiff be reevaluated by the original releasing office(s) so that non-exempt segregable information can be provided to the Plaintiff[,]" which will take additional time. ECF No. 20-1 at 2; ECF No. 20 at 2. However, the Navy agency counsel has been impacted by staffing shortages and has "multiple quickly approaching deadlines for [another case in the district] has prevented him from completing the supporting materials for the FOIA MSJ in this case." ECF No. 20-1 at 2. As such, the parties request a five-month extension of the summary judgment briefing deadlines in this matter.

The Court appreciates that the parties have been working together diligently in this case. However, the Court does not find good cause to grant the entire extension that the parties seek. Upon due consideration, good cause appearing, the Court **GRANTS IN PART** the parties' joint motion and issues the following First Amended Scheduling Order:

1. Defendants must file their Motion for Summary Judgment by **November 20, 2024**.

2. Plaintiff must file his Opposition to Defendants' summary judgment motion by **December 18, 2024**.

3. Defendants must file a Reply in support of their summary judgment motion by **January 8, 2025**.

4. Upon review of the briefing, the Honorable Ruth Bermudez Montenegro will either take the motion under submission without oral argument pursuant to Local Rule 7.1(d)(1), or will hold a hearing. If Judge Montenegro decides to hear oral argument, she will issue a separate written order setting the date and time.

5. Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without leave of a district court judge. No reply memorandum shall exceed ten (10) pages without leave of a district court judge. Briefs and memoranda exceeding ten (10) pages in length shall have a table of contents and a table of authorities cited.

6. Pursuant to Local Rule 7.1(f)(3)(c), if an opposing party fails to file opposition papers in the time and manner required by Local Rule 7.1(e)(2), that failure may constitute a consent to the granting of a motion or other request for ruling by the Court.  Accordingly, all parties are ordered to abide by the terms of Local Rule 7.1(e)(2) or otherwise face the prospect of any pretrial motion being granted as an unopposed motion pursuant to Local Rule 7.1(f)(3)(c).

7. The parties must review the chambers' rules for the assigned district judge and magistrate judge.

8. The dates and times set forth herein will not be modified except for good cause shown.

**IT IS SO ORDERED.**

Dated:  July 12, 2024

_____
Honorable Allison H. Goddard
United States Magistrate Judge